IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03347-CNS-MEH

WILLIAM WILSON,

    Plaintiff,

v.

JORDAN BUESCHER, U.S. Probation Officer, and
EDGAR RUIZ, U.S. Probation Supervisor,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff William Wilson ("Plaintiff"), a federal pro se inmate, brings claims in his Second Amended Prisoner Complaint ("Amended Complaint") against Defendants Jordan Buescher ("Buescher") and Edgar Ruiz ("Ruiz") (collectively, "Defendants") regarding a search of Plaintiff's bank records and a directive for Plaintiff to receive cognitive behavioral therapy treatment. ECF 13. Defendants filed the current Motion to Dismiss ("Motion"). ECF 56. As described below, the Court respectfully recommends that the Motion be **granted**.

### BACKGROUND

    The Court provides the procedural history of this case alongside the material, factual allegations (as opposed to legal conclusions, bare assertions, or conclusory allegations) made by Plaintiff in his Amended Complaint. *See* ECF 13. Plaintiff's allegations are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In 2010, Plaintiff was convicted by a federal jury "on multiple counts of bank fraud, aggravated identity theft, fraudulent use of a Social Security number, and fraud in connection with an access device." *U.S. v. Wilson*, 503 Fed. App'x 598, 600 (10th Cir. 2012). Following his conviction, he was sentenced to ten years in prison followed by five years of supervised released and ordered to pay $41,700.32 in restitution. ECF 56-1, 4-5, 7. The judgment against Plaintiff included the following special conditions of supervision: (1) "The defendant shall make payment on the restitution obligation that remains unpaid at the commencement of supervised release," and (2) "The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer . . . ." *Id.* at 6.

In November of 2019, Plaintiff was released from federal custody and placed on supervised release. Compl. at 2, ECF 13. Buescher served as Plaintiff's Probation Officer during his supervised release, and Ruiz served as Buescher's supervisor. *Id.* at 1, 15. Plaintiff alleges that Defendants verbally modified the special conditions of his supervised release and directed Plaintiff to successfully complete a cognitive behavioral therapy treatment program. *Id.* at 18. Plaintiff also alleges that Defendants searched and seized his bank account record pursuant to a subpoena issued by the United States Attorney's Office for the District of Colorado. *Id.* at 4. Thereafter, on October 5, 2020, Defendants sought to revoke Plaintiff's supervised release and identified the following violations: (1) submitting false financial statements, (2) failing to provide access to financial information, (3) failing to follow an Officer's instructions, (4) associating with a convicted felon, (5) failing to complete substance abuse treatment as directed, and (6) falsifying written reports. ECF 56-2, 2-6. Based on these violations, on March 26, 2021, U.S. District Judge Kathryn Vratil sentenced Plaintiff to ten months of incarceration and 46 months of supervised release. ECF 56-3, 3-4. Additionally, the judgment provided a special condition for supervision, that Plaintiff

2

"participate in a program of cognitive behavioral treatment (CBT) program approved by the probation officer." ECF 56-3, 6. Plaintiff appealed to the Tenth Circuit, which affirmed the lower court. *U.S. v. Wilson*, Nos. 212-1099 & 21-1150, 2022 WL 1184043, at *1 (10th Cir. Apr. 21, 2022).

Here, Plaintiff brings seven *Bivens* claims for violations of his Fourth and Fifth Amendment rights. Compl. at 11-21, ECF 13. To support his claims, Plaintiff alleges that Defendants unlawfully obtained his bank records without a warrant. *Id.* at 11. He also alleges that Defendants unlawfully forced him to participate in a cognitive behavioral therapy treatment program. *Id.* at 18. Plaintiff is suing Defendants in their individual capacities and is seeking damages in excess of one and a half million dollars. *Id.* at 24.

## LEGAL STANDARDS

### I.     Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 680. Second, the Court must consider the factual

allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

Plausibility refers "'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1192. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## II.     Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. U.S.*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

Construing the Amended Complaint liberally, Plaintiff asserts *Bivens* claims against Defendants for violations of his Fourth and Fifth Amendment rights. The government raises three arguments in its Motion. Mot. at 4-19, ECF 46. First, it seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for lack of a *Bivens* remedy. *Id.* at 4-8. Second, it asserts the defense of immunity for failure to state a claim. *Id.* at 9. Third, it argues that Plaintiff's claims are barred under *Heck v. Humphrey*. *Id.* at 19. Because the Court agrees with the government that Plaintiff lacks a *Bivens* remedy, the Motion should be granted without reaching the immunity or *Heck* arguments.

### I.     Plaintiff's bank records are not constitutionally protected

Plaintiff's liberally construed first and second claims are based on the search and seizure of Plaintiff's bank records. Compl. at 2-6, ECF 13. Plaintiff seeks a *Bivens* remedy for invasion of this purported privacy interest under the Fourth and Fifth Amendments. *Id.* at 4. In *Bivens v. Six Unknown Fed. Narcotics Agents*, the Supreme Court recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). A procedural due process claim under the Fifth Amendment must also be accompanied by an allegation that a liberty or property interest has been infringed. *E.g., Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Here, Plaintiff fails to appreciate that a private person's bank records are not protected under the Fourth Amendment. *U.S. v. Miller*, 425 U.S. 435, 443 (1976). ("This Court has held repeatedly that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities."). Therefore, the Court finds that Plaintiff fails to state a claim upon which relief may be granted under *Bivens* or otherwise and recommends that Plaintiff's first and second claims be dismissed.

### II.    *Bivens* Remedy

A.     <u>New Context Inquiry</u>

As for Plaintiff's remaining claims, a *Bivens* remedy is disfavored if the case presents a new context for the Court. *Ziglar v. Abbasi*, - U.S. -, 137 S. Ct. 1843, 1857 (2017). The Supreme Court has recognized the *Bivens* remedy in only three cases: (1) *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (a Fourth Amendment unreasonable search and seizure claim); (2) *Davis v. Passman*, 442 U.S. 228 (1979) (a Fifth Amendment equal protection claim

concerning gender discrimination); and (3) *Carlson v. Green*, 446 U.S. 14 (1980) (an Eighth Amendment failure to provide adequate medical treatment claim). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855.

"[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857. The Supreme Court "has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'" *Id.* (quoting *Corr. Servs. Corp.*, 534 U.S. at 68). "If [a] case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court, then the context is new." *Id.* at 1859. "[E]ven a modest extension is still an extension." *Id.* at 1864. Here, Plaintiff's allegations involve a different type of "official action" than those alleged in *Carlson*, *Davis*, and *Bivens*. Plaintiff's case concerns a Probation Officer's search and seizure of bank records and his directive for Plaintiff to receive cognitive behavioral therapy treatment, as opposed to an official's medical treatment of an inmate like in *Carlson*, a police officer's arrest of a suspect like in *Bivens*, and a Congressman's actions toward staff like in *Davis*.

Further, although the Supreme Court extended a *Bivens* remedy to violation of Due Process claims under the Fifth Amendment, it did so under far different circumstances than here. *Davis*, 442 U.S. at 231, 248. In *Davis,* the Supreme Court extended remedies for employment discrimination based on sex under the Fifth Amendment's Due Process Clause. *Id.* Here, Plaintiff alleges that a search of his bank records and directive to receive cognitive behavioral therapy treatment violated his right to Due Process and Equal Protection. Compl. at 6-22; Resp. at 6. And, even though both Plaintiff's sixth claim and *Davis* concern Due Process rights to be free from discrimination, the Supreme Court recently held that "superficial similarities are not enough to support the judicial creation of a cause of action." *Egbert v. Boule*, - U.S. -, 142 S. Ct. 1793, 1805

7

(2022). Therefore, the Court finds that Plaintiff's case is meaningfully different from *Davis*, and thus constitutes a new context.

B.  *Bivens* Remedy Special-Factors Inquiry

Under *Egbert*, courts are now directed to think primarily of the harms of judicial intrusion, and not whether a *Bivens* remedy is appropriate for the facts of a particular case. *Id*. "[A] *Bivens* remedy will not be available if there are 'special factors counseling hesitation in the absence of affirmative action by Congress.'" *Ziglar*, 137 S. Ct. at 1857 (quoting *Carlson*, 446 U.S. at 18). More to the point, a *Bivens* analysis "resolves to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 142 S. Ct. at 1803. If "there is *any* rational reason (even one) to think that *Congres*s is better suited to 'weigh the costs and benefits of allowing a damages action to proceed,'" a remedy shall not be extended. *Id.* at 1805 (quoting *Ziglar*, - U.S. -, 137 S. Ct. at 1858). And, if Congress has already provided a damages remedy for a cause of action, the court may not authorize a *Bivens* remedy. *Id.*

Here, the Court considers whether "a court is competent to authorize a damages action" against Probation Officers generally. *Id.* As the government argues, Probation Officers under the threat of liability may be hindered in carrying out their duties. Mot. at 6. Confirming this risk, the Supreme Court found that "permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). The Tenth Circuit has previously refused to extend a *Bivens* remedy for the directives of Probation Officers, recognized that such an extension "could lead to unintended, unpredictable, and far-reaching consequences, including inviting a wide range of actions." *K.B. v. Perez*, 664 Fed. App'x. 756, 759 (10th Cir. 2016); *See also Smith-Garcia v. Burke*, 815 Fed.

8

App'x 187, 188 (9th Cir. 2020) (also refusing to extend Bivens to a constitutional claim against a Probation Officer); *Elkins v. Elenz*, 516 Fed. App'x 852, 828 (11th Cir. 2013) (same). Because a *Bivens* remedy in this new context would risk the sound judgment of Probation Officers, Congress is better equipped to impose a damages action against the searches and directives of Probation Officers. Therefore, for lack of a *Bivens* remedy, the Court recommends dismissal of Plaintiff's remaining claims.

As for Plaintiff's argument that Defendant's violated his constitutional rights by moving to add new conditions to his supervised release, there is at least one alternative remedy available, which Plaintiff has already utilized. Resp. at 2, 6. Plaintiff may appeal a decision to revoke supervised released to the Circuit Courts, as Plaintiff demonstrated in his recent appeal here. *See U.S. v. Wilson*, Nos. 212-1099 & 21-1150, 2022 WL 1184043 (10th Cir. Apr. 21, 2022). Indeed, the Tenth Circuit upheld the added special condition for Plaintiff to receive cognitive behavioral therapy treatment, finding "Wilson's suggestion that he will be forced to admit his guilt in the program is speculative and premature." *Id.* at *5. Therefore, an alternative remedy exists for the addition of new conditions to Plaintiff's supervised release.

Considering the harm of expanding a *Bivens* remedy to Probation Officers generally, and the availability of at least one alternative remedy, the Court finds no authority to recognize a *Bivens* remedy as to Plaintiff's remaining claims. Therefore, the Court recommends that Plaintiff's five claims be dismissed.[1]

---

[1] Hence, the Court will not address whether Defendants are entitled to absolute or qualified immunity or whether *Heck* applies to this case.

**II.     Leave to Amend**

Generally, in a case involving a pro se litigant, the Tenth Circuit has held that if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). "Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." *Id.*  However, "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).

In this case, the Court's ruling to grant the Motion does not stem from "deficiencies . . . attributable to oversights [in] . . . [Plaintiff's] ignorance of special pleading requirements." *Reynoldson*, 907 F.2d at 126. Rather, despite Plaintiff's allegations, the Court finds, as a matter of law, that a *Bivens* remedy is not available to Plaintiff. There is no "potentially curable defect in the plaintiff's allegations," meriting the opportunity for Plaintiff to amend his Amended Complaint. *Stubblefield v. Henson*, No. 92-1045, 1993 WL 55936, at *2 (10th Cir. 1993). Therefore, the Court recommends that Plaintiff's claims be dismissed with prejudice with no leave to amend.

## CONCLUSION

The Court respectfully **recommends** Defendants' Motion [filed July 18, 2022; ECF 56] be **granted**, and that Plaintiff's claims against Defendants be dismissed with prejudice for lack of a *Bivens* remedy and failure to state a claim.

Entered and dated this 12th day of October, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge